**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIGUEL ANGEL VALENCIA LIMA, | No. 17-70062 |
| Petitioner, | Agency No. A042-244-795 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Miguel Angel Valencia Lima, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision finding him removable and denying

his applications for cancellation of removal, asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

The agency did not err in concluding that Valencia Lima's conviction under California Penal Code ("CPC") § 245(a)(1) is categorically a crime of violence aggravated felony. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065-68 (9th Cir. 2018) (holding CPC § 245(a)(1) is categorically a crime of violence). Thus, the agency also did not err in concluding that Valencia Lima's conviction rendered him removable, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B), and ineligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(C).

Substantial evidence supports the agency's determination that Valencia Lima failed to establish his proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because

of the absence of society-specific evidence of social distinction).  Thus, the BIA did not err in concluding that Valencia Lima did not establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1136-37 (9th Cir. 2016) (setting out the requirements for an applicant to demonstrate membership in a cognizable particular social group and rejecting the challenge to the BIA's determination that a particular social group based on former gang members who return to El Salvador was not cognizable).  Thus, Valencia Lima's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Valencia Lima failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Valencia Lima's contention that the lack of time, date, and place in his Notice to Appear deprived the immigration court of jurisdiction is foreclosed by this court's decision in *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

**PETITION FOR REVIEW DENIED.**

17-70062